**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

CHELSEY MITCHELL                                                    CIVIL ACTION

VERSUS                                                             No. 26-448

INSPIRENOLA CHARTER SCHOOLS, ET AL.                    SECTION I

**ORDER AND REASONS**

Before the Court is plaintiff Chelsea Mitchell's ("plaintiff") motion[1] to voluntarily dismiss all of her claims against defendant Alice Harte Charter School ("AHCS") and voluntarily dismiss her claims alleged pursuant to Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act against defendants InspireNola Charter Schools ("InspireNola") and ABC Insurance Company ("ABC Insurance").[2] The Court will grant plaintiff's motion pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

The above-captioned matter was originally removed to this Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. As plaintiff has voluntarily dismissed all of her federal claims against defendants, and intends to amend her complaint to exclude those claims,[3] this Court no longer has subject matter jurisdiction over her remaining

---

[1] R. Doc. No. 10.

[2] Plaintiff's motion also states that she intends to voluntarily dismiss any claims alleged pursuant to 42 U.S.C. § 1981; 42 U.S.C. § 1983; the Equal Protection Clause of the United States Constitution; the Due Process Clause of the United States Constitution; and "[a]ny other claim arising under the Constitution or laws of the United States." However, the only federal claims alleged in plaintiff's complaint before this Court are pursuant to Title VII and the Pregnancy Discrimination Act. *See* R. Doc. No. 1-1, at 3–6.

[3] *See* R. Doc. No. 10-1, at 1-2.

state law claims. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 43–44 (2025) (holding that a plaintiff's "deletion of all federal claims" in her amended complaint "deprived" the court of federal-question jurisdiction and eliminated its supplemental jurisdiction over her remaining state law claims). Thus, the Court must remand plaintiff's case to state court. *See Lutostanski v. Brown*, 88 F.4th 582, 587 (5th Cir. 2023) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." (emphasis in original) (quoting 28 U.S.C. § 1447(c))).

Accordingly,

**IT IS ORDERED** that plaintiff's motion to voluntarily dismiss all of her claims against defendant AHCS is **GRANTED**. Plaintiff's claims against AHCS are **DISMISSED WITHOUT PREJUDICE**.

**IT IS ORDERED** that plaintiff's motion to voluntarily dismiss her federal claims against the remaining defendants, InspireNola and ABC Insurance, is **GRANTED**. Plaintiff's federal claims against InspireNola and ABC Insurance, alleged pursuant to Title VII and the Pregnancy Discrimination Act, are **DISMISSED WITH PREJUDICE**.[4]

---

[4] On August 3, 2026, plaintiff's counsel informed the Court via telephone call that she has no opposition to dismissing her federal claims with prejudice.

**IT IS FURTHER ORDERED** that plaintiff's state law claims against InspireNola and ABC Insurance[5] are **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, August 3, 2026.

_____

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[5] The Court understands that plaintiff used "ABC Insurance Company" as a placeholder until she identified the proper defendant. To the extent plaintiff has now identified the proper defendant, she may attempt to substitute it for ABC Insurance on remand before the state court.